UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRUCE LEDERER,

    Plaintiff,

v.                                                                                                    Case No: 2:11-cv-510-Ftm-SPC

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff, Bruce Lederer's Petition for Attorney's Fees (Doc. #29) filed on January 2, 2013. The Defendant Commissioner filed his Response in Opposition (Doc. # 30) on January 17, 2013. The Motion is fully briefed and ripe for the Court's review.

The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On, October 2, 2012, the Court reversed and remanded the Commissioner of Social Security's decision (Doc. # 25) under sentence four of 42 U.S.C. § 405(g). Judgment was entered on October 3, 2012, (Doc. # 26). The Plaintiff now moves the Court for attorney's fees and cost for the filing fee pursuant to the Equal Access to Justice Act (hereinafter EAJA) 28 U.S.C. § 2412(d)(1)(A). The Defendant opposes the payment of fees and costs arguing that the Motion should be denied because the Defendant's position in this case was substantially justified and therefore, no fees can be paid under the EAJA.

*(1) Whether EAJA Fees and Costs Should be Awarded*

The EAJA requires a court to award a prevailing party attorney fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified

or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, a prevailing party is a party that succeeds on "any significant claim affording it some of the relief sought" in bringing the suit. Texas State Teachers Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989). The Supreme Court subsequently clarified that a party who obtains a fourth sentence remand in a Social Security case is a prevailing party for EAJA purposes. Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

In order for the Plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA) the following five (5) conditions must be established: (1) the Plaintiff must file a timely application for attorney fees; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner INS, v. Jean, 496 U.S. 154, 158 (1990).

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). Coleman v. Astrue, 2008 WL 697299 * 1 (M.D. Fla. March 13, 2008) (citing Shalala v. Schaefer, 509 U.S. 292. 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993)). Because the Court remanded the case, the Plaintiff is the prevailing party under the Supreme Court's decision in Schaefer.

The only remaining issue argued by the Commissioner in this case is his assertion that his position was substantially justified and therefore the Motion for Fees and Costs should be denied. With regard to the issue of whether the Commissioner's position was "substantially justified" the Commissioner must "establish ... that there exists 'special circumstances' which countenance against the awarding of fees." Hagman v. Astrue, 546 F. Supp.2d 1294, 1296 (M.D.

Fla. 2007). This means that the Commissioner must show that there was a "reasonable basis both in law and fact" for the "positions it took." Id. "An examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the [Commissioner]." Id. "Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees." Id. The government bears the burden of showing that its position was substantially justified, and "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." Id. (citing Ashburn v U.S., 740 F. 2d 843, 850 (11th Cir. 1984)).

To support this position, the Commissioner reargues the same issues from his previous briefs in support of the final decision and his objection to the Court's decision to remand. In the memorandum and motion to alter or amend the judgment, the Commissioner states he reasonably argued that, while the ALJ's hypothetical question to the VE was more restrictive than the RFC finding, as it included a limitation on fingering (Tr. 21, 473-78), the hypothetical question still accounted for all of Plaintiff's credible limitations (Tr. 21, 476). The Commissioner argued that the VE's testimony established that the jobs the ALJ found Plaintiff could perform would not be precluded by the addition of a limitation for frequent fingering (Tr. 30, 473-78). Thus, the Commissioner states he reasonably argued the ALJ properly relied on the VE's testimony, as it was in response to a hypothetical question that fairly set out all of Plaintiff's credible functional and work-related limitations (Tr. 473-78). The Commissioner also argued that the ALJ's inclusion of the limitation to frequent fingering was, at most, harmless error because a limitation to frequent fingering would not have had any impact on the occupation base and the ALJ's overall disability determination.

Contrary to the Commissioner's position, the Court found that ALJ's decision was inconsistent regarding Plaintiff's fingering limitations.  Even though the ALJ gave little weight to the limitations in Plaintiff's ability for fingering, she included such a limitation in her hypothetical to the VE, and then later excluded the limitations from her RFC finding. Therefore, it was unclear from the record whether the ALJ considered Plaintiff's fingering limitations to be of any degree that would affect the number of jobs Plaintiff would be able to perform in the national economy. Therefore, the Court remanded on that issue.

The Court further explained this position in its Order (Doc. # 28) denying the Commissioner's Motion to Amend or Alter Judgment.  The Commissioner again argued that the inclusion of the fingering limitations in the hypothetical was harmless error.  However, Commissioner's case law citations, in support of his position, did not stand for the proposition that an additional impairment added to the hypothetical and not found in the ALJ's RFC was harmless error, but rather that omitting a non-severe impairment from a hypothetical was harmless error.  Thus, the Commissioner's case law did not apply to the facts of the instant case and failed to support his position.

Additionally, the Court found the ALJ's decision was ambiguous and therefore, could not make a determination as to what position the ALJ was taking whether the Plaintiff had severe fingering limitations or whether he did not. Thus, having found the ALJ's decision to be inconsistent and ambiguous, the Court remanded for the Commissioner to clarify his position on whether or not the Plaintiff actually had frequent fingering limitations and whether said limitations would affect his ability to work at any level.

The Commissioner's position that the inclusion of the fingering limitation was merely harmless error was not substantially justified because the Court could not make such a determination based upon the ambiguity in the ALJ's decision.  The Commissioner never really

addressed the Court's ambiguity and inconsistency concerns in the ALJ's decision. Furthermore the case provided by the Commissioner did not stand for the proposition that including an addition impairment—the finger limitation in the hypothetical to the VE—after said limitations were previously discounted as harmless, but instead provided case law that stated leaving out non-sever impairments was harmless error. Thus, the Court finds that the Commissioners position was not substantially justified and the Motion for fees and costs should be granted.

*(2) Fee and Costs Determination*

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). There is a strong presumption that the resulting fee is reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

Determination of the hourly rate is a two-step process. First the Court determines the prevailing market rate; then if the prevailing market rate exceeds $125.00 per hour the Court determines whether to adjust the hourly rate. Meyer v. Sullivan, 958 F.2d 1029, 1033-1034 (11th Cir. 1992). The prevailing market rates must be determined according top rates customarily charged for similarly complex litigation, and are not limited to rates normally charged in Social Security cases. Flowers v. Commissioner of Social Security, 2012 WL 4815743 *1 (M.D. Fla. September 27, 2012) (*citing* Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985)). In this case, Plaintiff seeks fees of $180.59 per hour for Attorney Michael A. Steinberg. The Court finds that $180.59 per hour is a reasonable rate for the Fort Myers, Florida region.

Attorney Steinberg states that he spent 22.90 hours working on this case. After reviewing the record of services provided, the Court concludes that the 22.90 hours expended on this case is reasonable. Additionally, the Plaintiff seeks reimbursement for the cost of the $350.00 filing fee. The costs and attorney's fees are treated differently under the statute as they are paid from two

5

different funds. However, the $350.00 cost for filing the Complaint in this Court may be reimbursed. See Verhaegen v. Astrue, WL 2012 1890600 * 1 (M.D. Fla. May 24, 2012) (awarding the Plaintiff in a Social Security Appeal the costs of the $350.00 filing fee as the prevailing party). Thus, the Plaintiff seeks a total of $4135.51 in fees and $350.00 in costs. The Court has reviewed the Motion for fees and costs and finds good cause under the EAJA to grant the Motion and award the requested fees and costs.

Accordingly, it is now **ORDERED:**

The Plaintiff, Bruce Lederer's Petition for Attorney's Fees (Doc. #29) is **GRANTED**. The Plaintiff is awarded **$4,135.51** in attorney's fees and **$350.00** in costs for the filing fee.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of January, 2013.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record